MARY KASHAW, Appellant, *v.* ISRAEL KASHAW, G. T. BALDWIN, E. BARTLETT, and R. H. VANCE, Respondents.

The Practice Act permits the wife to sue alone, when the action is between her self and her husband. If it is necessary to introduce other parties, their introduction cannot affect her right.

The object of the act is to take away the necessity of suing by *prochein ami*, and being a remedial statute, must be beneficially construed.

Upon the dissolution of a marriage by a court of competent jurisdiction, the act, in relation to husband and wife, directs that the common property shall be equally divided between the parties, and that the court granting the decree shall make such order for the division thereof. Held, that a partition of the common property is one of the direct results of a decree for divorce, and is part and parcel of the decree to be rendered, and one of the proper subjects of the action.

In the absence of an allegation that there is common property, the presumption would be that there was none.

And it is proper to declare, for the information of the court, in what the common property consists, its nature, and value.

The wife, in a suit for divorce, may make a party of any one claiming an interest in the common property.

Where the husband had been resident of this State since 1850, and had his domicil in San Francisco, and the wife followed him and arrived here, and commenced this suit before six months had elapsed after her arrival : Held, that the domicil of the husband is the domicil of the wife, and that in contemplation of law, the plaintiff must be considered as having been a resident of this State continuously, from the time her husband arrived here.

APPEAL from the Fourth Judicial District.

This was a suit for a divorce.

The complaint set forth the marriage of plaintiff to defendant, on the 22d May, 1838, and produced the certificate, &c. That the relation of husband and wife has existed between them ever since, with all the duties of which she has complied, &c. That defendant has not so fulfilled his duties, &c., but has failed so to do; that the plaintiff and defendant lived peaceably together, in their said relation, in various places, and last in the city of New York, till about the 1st January, 1850; when the defendant left for California to better his condition, and promised to maintain

the plaintiff suitably, &c. That he wrote her frequently after his arrival in California, informing her that he had acquired large property in San Francisco, and she believes him the owner of the property mentioned in Schedule A, annexed, all of which defendant became possessed of during the continuance of the said marriage. That defendant, on the 6th February, 1851, as plaintiff is informed, disregarding his vows, &c., as husband of the plaintiff, was unlawfully united in the bonds of marriage, with one Jane Williams, at San Francisco, the certificate of which appears of record, and is yet living in adulterous intercourse with her, representing her to be his wife, &c. ; and is squandering upon her, and her issue, born to him, the property whereof the plaintiff is owner in common with defendant, who is withholding plaintiff's share thereof, necessary for her suitable maintenance. That defendant has made no provision for plaintiff since he left New York. That he has attempted to dispose of the common property, and is now making efforts to dispose of the same, and is about to depart from California and from the United States, for the purpose of continuing his connection with said Jane, and for the purpose of defrauding the plaintiff of her rights and share of the said common property, and in violation of her rights, &c., and to her irreparable injury, and prays that plaintiff be allowed to sue him in her own name or in the name of D. S. Stine, her brother and next friend, for a suitable maintenance out of said common property, and for a decree to compel defendant to pay the same to her, and to pay the costs of this suit, and also to decree a partition of the said common property, and payment of her share to herself or her next friend. And to appoint a receiver to take charge of the said common property, and make partition according to law, &c. And also to decree a divorce from bed and board between the parties, with suitable alimony to the plaintiff to be paid out of defendant's share of the said common property, together with costs, &c., and for further relief, &c.

A large list of property was filed as Schedule A, referred to above.

In July following, the plaintiff filed her amended and supplementary complaint against the said defendant, and against G. T. Baldwin, Erastus Bartlett, and Robert H. Vance, made de-

fendants, and sets out the marriage, residence together in various places, and last in New York, where they had their domicil till about the 1st January, 1850, when they removed to this State (California), intending to make it their future residence and home, but for want of present means to pay the expense of both their passages out, defendant left plaintiff to follow him as soon as he should be able to acquire and remit the means to defray the expense of her voyage.    That he arrived in June, 1850, and has resided here ever since, and has had his domicil here up to the commencement of this suit.    That from the time the defendant established his residence in this State it became the residence of the plaintiff, as his lawful wife, to wit, from the month of June, 1850; the bill then repeats her fidelity to him, and his unfaithfulness and marriage with Jane Williams, and his continued connection with the latter; and avers the acquisition of large property since their arrival in San Francisco, in June, 1850; and that "a commonalty of property, of acquests and gains, were superinduced upon their marriage relation, and existed between them as husband and wife, in this State by law," and refers to Schedule A for particulars.

That since the commencement of this suit, and notice of the *lis pendens*, the defendant, with intention to defraud the plaintiff of her marital rights in said community property, combining, &c., with the said Baldwin, Bartlett, and Vance, and others, by conveyances and otherwise, placed the whole thereof under cover in the name of others, and then fled public justice; particularly water lots 586 and 587 (and other lots describing them), were so conveyed to the said Baldwin, Bartlett, and Vance, by defendant with intent to defraud plaintiff of her community rights therein; and were made without adequate consideration, and with full knowledge of the said grantees of the pendency of this suit, and that defendant had been enjoined by this court from selling, conveying, or incumbering the same, and therefore avers that said conveyances imparted no right to either of them; and, therefore, the premises considered, the plaintiff prays that the bonds of matrimony between her and the defendant be dissolved, that she be decreed to be the owner of one-half of the property acquired in this State, during their marriage, in whatever name owned by

them at the date of the institution of this suit, and service of the writ of injunction granted therein on him. That defendant be decreed to account with plaintiff for one-half of the personal property of the community, and the rents and issues of the real estate thereof; that a partition be decreed according to law, and in making the same, that he be charged with all the personal property of the community, and rents, &c., of the real estate received by him; that she be allowed alimony for her support since the institution of this suit, and until its final decision and partition be made. That said Baldwin, Bartlett, and Vance, be made defendants, and the fraudulent conveyances made to them be decreed to be fraudulent and void as to plaintiff; that they be decreed to account for the rents, &c., of the property conveyed, that a receiver be appointed, and for costs to plaintiff; and for further relief, &c.

A schedule of property accompanies the complaint.

The defendant, Kashaw demurred to the bill and supplement.

1st. Because plaintiff had not legal capacity to sue.

2d. That several causes of action have been improperly united.

3d. That said complaint does not state facts sufficient to constitute a cause of action.

Defendants, Baldwin and Vance, also demurred, assigning the first cause above stated; 2d, defect of parties; 3d, that several causes of action were improperly joined; 4th, corresponding to the third above.

The court, after argument on the demurrers, ordered the complaint to be dismissed, and the plaintiff appealed.

*Hastings, Thomas,* and *Norse,* for appellant.

The plaintiff had legal capacity to sue. Practice Act, 1851, sec. 7. Where the action concerns the separate property of a married woman she may sue alone; or where the action is between herself and her husband, and the case 4 Howard's Prac. 232, is in point for plaintiff; and the act of 1851, p. 51, sec. 4, provides, that "every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this act." And in sect. 7, 2d clause, "where the action is between herself and her husband, she may sue or be sued alone." See Coil *v.* Coil, cited above, 4 Howard's Prac. 232.

The wife may sue alone for an absolute divorce in New York,

under the statute which gives her the right " to sue in her own name;" the words requiring " that every action shall be prosecuted in the name of the real party in interest," in the Practice Act, are equivalent words to the above, and confer an equal right; and this especially when taken in connection with the words in sect. 7: "When the action is between her and her husband, she may sue alone." There is no difference between the two enactments in spirit or principle; and the New York case sustains this action, as brought in the name of the wife alone, without the aid of a next friend.

There is a difference as to the pecuniary relations of husband and wife in this State, and the State of New York. In the latter there is no community of property; the husband is liable for the debts of his wife; costs made by the wife must be paid by the husband. In this State there is community of property between husband and wife; she is liable for her own costs, and her own debts; and residing here, she may sue without giving security for costs, and in her own name.

Baldwin, Bartlett, and Vance, were properly made defendants. They made themselves parties after the commencement of this suit, and cannot complain that they have not the security of a next friend for the costs. See Practice Act of 1851. All property *acquired after* the marriage, by either husband or wife, except by gift, bequest, devise, or descent, shall be common. Stat. 1850, p. 254, sect. 2. This is applicable to persons married out of the State, who shall reside and acquire property therein, Ib. sect. 15 ; and upon the dissolution of the marriage, sect. 12 provides for its division.

The defendants Baldwin, Bartlett, and Vance, took their conveyances of defendant, and all the property claimed by plaintiff, in her first bill, after it was filed, and with full notice of the *lis pendens;* this led to the filing by plaintiff of the annexed and supplementary bill, and the charge of collusion and fraud between defendant and the said parties, made in the latter, against the rights of the plaintiff. That they were properly made parties, see the Act of 1850, p. 254, sect. 2; and Story's Eq. Plead. sects. 136, 153. As to the right of plaintiff thus to amend the bill, see Practice Act, 1851, sects. 68 and 14. The objects of

the amendment were to render the decree binding on all parties, claiming an interest in the common property, to remove the cloud from the title which the conveyances from the husband to the new parties cast upon it, and to terminate litigation; and to an amendment effecting these objects, plaintiff had a right, both under the statute and by the general law.

Plaintiff was not prohibited from suing under the 3d section of the Divorce Act of 1851, requiring a residence of six months previous to suit brought.

The husband's residence is the residence of the wife; as to what constitutes a domicil, see Story's Conflict of Laws, sect. 41. A married woman follows the domicil of her husband. One who is under the power of another possesses no right to choose a domicil. The domicil of a married man is that which he himself describes, selects, or deems such, where he votes, &c., or exercises the rights of a citizen. Ib. sect. 47. The domicil of the wife arises from marriage. Ib. 49.

The word " residence" in the act, must be taken to mean domicil. Bouvier's Law Dict. : " Residence, the place of one's domicil." The constitution of the State uses the word in this sense, in relation to the right of suffrage, art. 1, sect. 1. In the constitution of Kentucky, the word residence is equivalent to the word *home;* see cases of Contested Elections in Congress, p. 752; and see the act of 1850, where the word *reside* is used in relation to the common property, acquired after marriage. If plaintiff is entitled to a divorce, there is no question, she is also entitled to the acquisitions made during the marriage. Cole's Widow *v.* His Executors, 7 U. S. R. & S. Dig. p. 281; see 13 Ib. 42, 27 ; Devan *v.* Dixon's Ex's. 4 Louisiana, 190; 1 R. & S. Dig. sect. 24, 456.

As to the objection that the averment in plaintiff's bill, that from the time the defendant, the husband, established himself in this State, his domicil became hers as his lawful wife, is badly pleaded, as being argumentative : the bill alleges their movings, their subsequent residence at different places, last in New York ; their abandonment of their domicil there, with the intention to establish a new one in this State ; and that in pursuance of that intention he did establish their domicil here in June, 1850, and

has exercised all the rights of a citizen; acquired property, &c., with the intention of making San Francisco their permanent home; and there married another woman, with whom he is living in adulterous intercourse; all of which the demurrer admits; and if true, the averment of a conclusion of law from the facts cannot impair their force; if badly pleaded, which is not admitted, it can at most be treated as surplusage.

The Act of 1850, sect. 12, provides, "in case of the dissolution of the marriage, by decree of any court of competent jurisdiction," for the division of the common property. This provision does not in terms give the courts jurisdiction in matters of divorce; but is it not necessarily implied in favor of the District Courts, as courts of general jurisdiction?

The case of Harman v. Harman, recognizes this jurisdiction under the Mexican Law. Did the adoption of the common law abrogate in the State courts, a branch of jurisdiction recognized in the former? We say not.

The complaint contains but one cause of action, that for a divorce; all the other matters are but the legal consequences, which flow from a decree of divorce, and as such are rightfully introduced in the same suit. They all grow out of the marital rights and injuries of the plaintiff, and are all properly to be redressed in one action. Common Property Act of 1850, p. 250, sect. 2; Ib. 255, sect. 12, 15; alimony allowed *pendente lite*, Act of 1851, p. 187, sect. 7.

The action is not one for the recovery of either real or personal property, or of alimony or support, but of divorce, in which plaintiff has a right to a reasonable support *pendente lite*, to be paid by her husband, by order of court. And if divorce be decreed in her favor, to a partition or division of the common property, owned by them in community, at the date of the institution of her suit. And so far as anything is demanded of defendants Baldwin, Bartlett, and Vance, it is that that property and its revenues, so far as it has come into their hands since, be restored to the common stock, to be divided between plaintiff and her husband.

*Botts* and *Emmett*, for respondents.

The rule that enables a feme covert to sue, requires that she

shall sue by her next friend.   Mill's Eq. Pl. 5 notes; Miltford, Pl. 135; Cooper, 163; Wood *v.* Wood, 8 Wend. 357; Coit *v.* Coit, 4 How. Pr. Rep. 232; and 6 Ib. 53.

But it is contended that a provision of the statutes of California dispenses with the next friend.   The statute provides, sect. 7, " Where a married woman is a party, her husband shall be joined with her ;" except that, 2d.  When the action is between herself and her husband, she may sue and be sued *alone :* statute 1851, p. 52.   The rule is general; the cases excepted, special, and confined to a class.   The case of Coit *v.* Coit, cited above, and in 6 Howard Pr. Rep. 53, is an adjudication on a like statute, and the reasoning unanswerable.

The word *alone* in the act, means more than the affirmance of a general rule; she could be sued alone, and could therefore answer "in her own name :" 3 Atk. 478.   But if necessary to secure the husband against the " clamor" of the wife, how much more so if third parties may be made co-defendants with him. If plaintiff fails, who is to indemnify Baldwin, Bartlett, and Vance, for their costs, &c.

But the case is not within the exception.   It is not an action between the husband and wife, but it is an action between Mary Kashaw, a married woman, and Baldwin et al., neither of whom is her husband.   It is said, " they became necessary parties by their own act, and cannot complain that they have not a next friend as security for costs."  ᵛThey can show that this conclusion is not warranted by the facts; but they claim to be secured against the expense in the trial of this issue.

To sue for a divorce requires a residence in the plaintiff of six months.

The complaint sets forth their marriage, residence together in different places, and in New York, till 1850, whence they removed to San Francisco, intending to make it their place of residence, having abandoned New York ; he, for want of means to pay expenses of both, leaving her to follow him, when he could acquire and remit funds from their new home.   That he arrived in San Francisco in June, 1850, and continued, and had his domicil there, until the institution of this suit.   That from the time he established himself in this State, it became hers, as

his lawful wife, to wit, from June, 1850. As a question of pleading this is bad; the averment of a fact must be made clearly, distinctly, and without argumentation. The court can take nothing by inference, nor can it receive the evidence of the fact, for the fact itself. The material averment of residence is nowhere made, and the court will not search to see if that may be inferred, which it was the duty of the pleader to have averred distinctly. If any fact is to be gathered from the complaint, it is that the plaintiff is not now, nor has she ever been, in this State.

Can the court infer from the complaint, that the plaintiff has been a *resident* of this State for six months before this suit was brought? The appellant says, the husband having his domicil here, the wife (though actually absent) has resided here, during that time.

"Domicil" and residence do not mean the same thing, if the appellant is right as to the former. To be a resident of any place, one must be actually in the place. Actual presence is necessary: 2 Burrell's Law Dictionary, 891, "Resident;" 2 Kent, 430, n.; and the words, "immediately preceding such application," in the act, shows this intention of the legislature. To sustain the case, it will be necessary to decide that one may be a resident without actual presence, indeed, without ever having been in the State.

Residence cannot be made to depend upon intention.

The complaint seeks to recover from Baldwin, Bartlett, and Vance, certain specific real estate, and this claim is joined with an action for a divorce. The 64th sect. of the Prac. Act defines what actions may be joined, and under what circumstances; the 7th subdivision of the section says, " That the causes of action so united, shall all belong to one of these classes, and *shall affect all the classes to the action.*" The defendants, Baldwin, Bartlett, and Vance, could not be affected by a decree of divorce; but they are interested in real estate, and may be affected by a decision on that question; it is therefore clear the complaint contains inconsistent causes of action, not equally affecting all the defendants; nor could they be joined under any system of equity pleading. But the statute controls the courts of equity, as well as those of common law: see the 64th section, cited above.

The object of pleading is to present an issue, clear, simple, and precise, so as to show the point to be decided. The material facts must be stated, not left to inference, from the circumstances which tend to make them out; therefore, must be such as to affect all the parties and the pleadings stated, without argument or illustration. These rules are not abolished by our statutes; which, on the contrary, by abolishing technicalities, requires of the pleader greater simplicity, precision, and certainty, in presenting his case. If these principles be applied to the original and amended complaints in this case, no error will be found in the decision of the court below.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

This was a bill filed for a divorce, and a partition of the common property. A demurrer was sustained, on the grounds,—

1st. That the wife had no legal capacity to sue.

2d. That several causes of action are improperly joined.

3d. That she had not resided in the State for six months preceding the commencement of the suit, and is therefore not entitled to sue for a divorce.

Our Practice Act permits the wife to sue alone, when the action is between herself and her husband: Laws, 520. It is said, however, that there are other parties defendant to this action, and, therefore, it is not a suit between her and her husband only. It is a sufficient answer to this objection, that the statute does not use the word " only." The test of the wife's capacity to sue, is simply to ascertain if the suit is between her and her husband, and this being found in the affirmative, the necessity of introducing other parties cannot affect her right. The object of the act is to take away the necessity of the old form of suing by *prochein ami*, and being a remedial statute, it must be beneficially construed.

2d. The act in relation to Husband and Wife, declares that in case of the dissolution of the marriage by a court of competent jurisdiction, the common property shall be equally divided between the parties; and the court granting the decree, shall make such order for the division of the common property : see

Laws, § 14, 5, 12.  It seems, from this, to be beyond dispute, that a partition of the common property is one of the direct results of a decree for divorce, and is part and parcel of the decree to be rendered, and consequently is necessarily one of the proper subjects of the action.  How, then, can its introduction render the bill subject to the charge of multifariousness?   The bill would really not be perfect without it, for the purpose of obtaining the decree of division, as contemplated by the law. All pleading is to be taken most strongly against the pleader, and in the absence of an allegation that there is common property, the presumption would be, that there was none.  So it is exceedingly proper for the information of the court, and for its proper action, to disclose specifically, if possible, in what the common property consists, its nature, and value ; and as the one-half of it is equitably the right of the plaintiff, and to be so determined in this action, she may well make a party of any one ·claiming an interest in it, in order that she may obtain a complete determination.  See Laws, 527, sect. 13.

3d. The act concerning Divorce (see Laws, 371) declares, " No person shall be allowed to apply for a divorce, who has not been a resident of this State for a period of six months, immediately preceding such application."

In this case, it appears from the allegation of the bill, that the plaintiff's husband arrived in this State in June, 1850, with the intention of making it his home, and actually carried that intention into effect, has continued to reside here ever since, and here was the only place of his business.  These facts constitute this place his domicil, and it is well settled that a married woman follows the domicil of her husband, because being under his authority, she has no right to choose one for herself.

In contemplation of law, therefore, and as affecting all legal rights and duties, the plaintiff must be considered as having been a resident of this State, continuously from the time her husband arrived here, and adopted it as his home.  Any other construction would often work severe injustice.  Upon that contended for by the respondent, actual, personal inhabitancy, for six months immediately preceding the action, the oldest citizen of the State might, from a temporary absence, be despoiled of

most important rights ; such a result was not contemplated by the framers of the law.

Upon every ground, we are satisfied that the demurrer should have been overruled.

Judgment reversed, and cause remanded.