## CUMMINGS v. CUMMINGS and Others.*

### No. 11,881; 1887.

#### 14 Pac. 562.

**Divorce—Joinder of Parties and Causes of Action—Fraudulent Conveyance.**—With a suit for divorce, plaintiff also joined an action for the division of community property, uniting Ketchum, Simpson, and the Bank of Watsonville as defendants. The complaint alleged that, during the coverture of plaintiff and defendant Cummings, the latter acquired, by the joint efforts of himself and wife, a quantity of real estate, which was community property, and part of which, without the knowledge or consent of plaintiff, he attempted to convey to defendant Ketchum; that this was done with the purpose and intent on the part of both parties to the conveyance to defraud plaintiff of her rights in the property; that the conveyance was without consideration; that the Bank of Watsonville claims some interest in the property by reason of a mortgage thereon, given by Ketchum, but that the mortgage was taken with knowledge of the fraud of the above-named defendants, and for the purpose of assisting in carrying it out; that said Simpson claims an interest in the land, but that his interest or claim is subordinate to plaintiff's interest therein. Defendants Ketchum and the Bank of Watsonville demurred, on the grounds (1) that several causes of action were improperly united; (2) that there was a misjoinder of parties defendant. Held, that the demurrers should have been sustained.

**Husband and Wife—Action Between—Fraudulent Conveyance.** An action to set aside the conveyance of community property made by a husband, on the ground of fraud, cannot be maintained by the wife while the marriage bond exists.

---

*For subsequent opinion in bank, see 75 Cal. 434, 17 Pac. 442.

APPEAL from Superior Court, Santa Cruz County.

A. S. Kittredge for appellant; Thomas H. Laine, Goldsby & Jetter and Z. N. Goldsby for plaintiff.

THORNTON, J.—This action is brought by the plaintiff, Mary R. Cummings, against her husband, William N. Cummings, defendant, for a divorce from the bonds of matrimony, and for a division of the community property, etc. Morgan L. Ketchum, James L. Simpson, and the Bank of Watsonville were also made defendants.

It is averred in the complaint that, during the coverture of plaintiff and defendant Cummings, the latter acquired, by the joint efforts of plaintiff and defendant just above named, a large amount of real property in the city of Santa Cruz, of the value of sixteen thousand dollars or thereabouts, which was community property, and that a portion of the property was a lot situate in the city of Santa Cruz, which is particularly described in the complaint. It is further averred that defendant Cummings, by an instrument in writing by him signed, acknowledged, and delivered on the 18th of May, 1876, in form a deed of conveyance, without the knowledge, approbation, or consent of plaintiff, purported to convey to defendant Ketchum the lot of land above mentioned, in which instrument eight thousand dollars is stated as the consideration thereof; that Cummings and Ketchum, in the execution and delivery of the pretended conveyance, combined and confederated willfully for the purpose and with the intent to defraud plaintiff of her rights and interest in and to said property, and to fraudulently cover up and conceal the legal title for the sole use and benefit of defendants Cummings and Ketchum; that said conveyance was without consideration, and that no part of it was ever paid or ever agreed to be paid by Ketchum to Cummings; that the whole scheme is a contrivance to defraud plaintiff of her rights and interest in the property aforesaid.

As to the Bank of Watsonville, it is alleged that it has or claims to have some interest in the lot above mentioned; that its claim is based on a mortgage executed by Ketchum to it, dated on or about the sixteenth day of August, 1881; that said mortgage was taken with knowledge of the fraud of

Ketchum and Cummings above set forth, and with the intent to enable Ketchum and Cummings to carry out the fraud aforesaid; that defendant Simpson has or claims to have some interest in the lot in controversy, but said interest is subordinate and subject to the interest of plaintiff in said lot. A like averment as that just preceding is made as to the interest of the Bank of Watsonville.

Ketchum and the bank demurred to the complaint on the following among other grounds: (1) That several causes of action have been improperly united, to wit, an action for a divorce, and an action based on a fraud alleged to have been committed upon plaintiff's marital community rights, said fraud being wholly without relation to, connection with, or anticipation of, a divorce, or any proceedings therefor. (2) That there is a misjoinder of parties defendant—William N. Cummings, defendant in an action for divorce, and these defendants as parties to an alleged fraud upon plaintiff's marital community rights—said fraud being wholly without relation to, connection with, or anticipation of, a divorce, or any proceedings therefor. The demurrer was overruled, and the cause proceeded to trial. A nonsuit was granted as to the bank, and a judgment was rendered adverse to Ketchum.

It is contended that the demurrer on the grounds above mentioned should have been sustained, and we concur in this contention. The joinder of causes of action is governed by section 427, Code of Civil Procedure. That section is as follows:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of (1) contracts, express or implied; (2) claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same; (3) claims to recover specific personal property, with or without damages, for the withholding thereof; (4) claims against a trustee by virtue of a contract, or by operation of law; (5) injuries to character; (6) injuries to person; (7) injuries to property. The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be

united with an action for either an injury to character or to the person.''

We do not find the causes of action here united, viz., an action for a divorce and an action to set aside a conveyance on the ground of fraud, to belong to any of the classes of action allowed to be united by the above section. Nor can Ketchum or the bank be made defendants in such a cause as this. They have no concern in the action for a divorce between plaintiff and her husband.

Furthermore, we are of opinion that the action to set aside a conveyance of the community property made by the husband, on the ground of fraud, cannot be maintained by the wife while the marriage bond exists. The reasons for this conclusion are given in Greiner v. Greiner, 58 Cal. 119, 121, where the point is decided. We think the ruling in that case is correct, and should be adhered to. The action which the wife can probably maintain during coverture is set forth in Greiner v. Greiner, 58 Cal. 121. When a decree of divorce has been obtained, the plaintiff can bring an action to redress any such wrong as she alleges she has sustained by the conduct of Ketchum. The court erred in not sustaining the demurrer to the complaint.

The appointment of the receiver is without any ground to sustain it. Ketchum was a mortgagor in possession, with the right to collect the rents and profits. It is found that he had committed no fraud. He had a right to retain the whole property as security for the payment of the amount due him, and there was no ground to deprive him of the possession of any portion of the lot involved herein.

The judgment is reversed and the cause remanded, with directions to discharge the receiver on his properly accounting, and to sustain the demurrer as to Ketchum. Ordered accordingly.

We concur: McFarland, J.; Sharpstein, J.