[Civ. No. 2757.   First Appellate District, Division Two.—April 23, 1919.]

## MADGE WEYER, Respondent, v. GUSTAVUS WEYER, Defendant; H. P. WEYER, Appellant.

[1] ACTION FOR DIVORCE—VENUE.—The statute requires that an action for divorce must be brought in the county of the residence of the plaintiff.

[2] ID.—JOINDER OF FRAUDULENT GRANTEE OF HUSBAND.—A wife's action for divorce against her husband and her husband's brother, who is alleged to be the fraudulent grantee of the husband, wherein the wife, in addition to seeking a divorce, alimony, counsel fees, and costs, prays that the conveyance and transfer of her husband to his brother be decreed to be fraudulent and void as to her, and that a lien be imposed upon the property as security for the payment of such sums as may be directed by the court to be paid by the husband, does not constitute two causes of action; and such case is not within the provisions of section 5 of article VI of the constitution or section 392 of the Code of Civil Procedure relating to place of trial.

[3] ID.—WHEN SECTION 392, CODE OF CIVIL PROCEDURE, APPLICABLE.— An action must be wholly local in its nature to require it to be brought in the county designated by section 392 of the Code of Civil Procedure.

[4] DIVORCE—EXISTENCE OF COMMUNITY PROPERTY—PLEADING—PROOF. In an action for divorce, in the absence of an allegation that there is community property, the presumption is that there is no community property.

[5] Id.—Provision for Support of Wife—Liability of Separate Property of Husband.—In an action for divorce, provision is to be made for the wife, and where there is no community property, it must be from the separate property of the husband, either owned or to be acquired by him. No reason exists why either the wife or the chancellor should forego the certainty of recourse to property owned by the husband for the uncertainty of speculation regarding future earnings.

[6] Id.—Alimony—Fraudulent Conveyance by Husband.—The husband cannot put his separate property out of his hands for the purpose of defeating his wife in an anticipated application for alimony.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. L. Dennett and J. C. Needham for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

BRITTAIN, J.—The appeal is from an order denying a motion for change of place of trial. The plaintiff wife sought divorce on the ground of extreme cruelty, and joined as a defendant her husband's brother, alleged to be the fraudulent grantee of the husband. The brother alone moved to change the place of trial.

The plaintiff alleged the husband is the owner of a one-third interest in four promissory notes of the aggregate face value of nearly fourteen thousand dollars, secured by mortgages and deeds of trust, and in certain described lands, some of which are in Stanislaus County and some in Tuolumne County. It is further alleged that on January 31, 1917, some eight months before suit was brought and three months before the separation of the parties, the husband purported to grant and convey to his brother, the appellant, upon no consideration, all the property without the knowledge of the plaintiff, and with the intent of defrauding her of her right to subject the same to her claim for maintenance, support, and alimony. After praying for a divorce the plaintiff prayed for a monthly sum for her support and lump sums for counsel fees and costs. She further prayed the conveyance and

transfer of her husband to his brother be decreed to be fraud-
ulent and void as to her, and that a lien be imposed upon
the property as security for the payment of such sums as
may be directed by the court to be paid by the husband to
her for support, counsel fees, and costs.

The appellant moved for change of place of trial on the
ground that San Francisco, the place of residence of the
plaintiff, is not the proper county, and that Stanislaus is the
proper county, by reason of the residence of H. P. Weyer
there. Further, that as to him, the action is for recovery
of real property and the determination of the right or inter-
est of the plaintiff therein, and that all the real property is
in the counties of Stanislaus and Tuolumne.

The argument on behalf of the appellant in substance is
that section 5 of article VI of the constitution provides that
all actions for the recovery of possession of, or for the en-
forcement of liens upon, real property must be commenced
in the county where the real property is situated, and, under
Code of Civil Procedure, section 392, tried in such county;
that, so far as H. P. Weyer is concerned, the suit is simply
one concerning title to his real estate, and that it is not in
any way subsidiary to the suit for divorce with which he
has nothing to do. It is further argued there is a misjoinder
of causes of action, one being the action for divorce in which
the brother must sit as a silent spectator, and the other an
action to set aside a conveyance in which the husband, the
grantor, must remain equally quiescent.

[1] The statute required the action for divorce to be
brought in the county of the residence of the wife. [2] If
the suit were, as claimed on behalf of the appellant, one
involving two separate causes of action, and the second cause
of action were for the recovery of the property, under the
constitutional provision the second cause of action would
necessarily have been brought in one of the counties in which
the land is, and it would follow under the provisions of sec-
tion 427 of the Code of Civil Procedure that the two causes
could not be joined. There are not two causes of action. The
case is not within the provisions of section 5 of article VI
of the constitution or section 392 of the Code of Civil Pro-
cedure. [3] An action must be wholly local in its nature
to require it to be brought in the county designated by sec-
tion 392 of the Code of Civil Procedure. (*Smith* v. *Smith,*

88 Cal. 573, [26 Pac. 356]; *Clark* v. *Brown,* 83 Cal. 181, [23 Pac. 289].)

The appellant contends there is a different principle involved where separate property of the husband is conveyed from that where the property belonged to the community, and, further, that regardless of the power of a court of equity in a suit for maintenance, or more properly alimony, without divorce, there can be no joinder such as is here made in a suit for divorce. The legislature has dealt with this subject. Even though divorce is denied, the court in the divorce action may provide for the maintenance of the wife (Civ. Code, sec. 136); it may provide for alimony pending the suit (Civ. Code, sec. 137); and for maintenance after divorce (Civ. Code, sec. 139). The court may require reasonable security for providing maintenance or making any payments required under the provisions of the chapter, and may enforce the same by an appointment of a receiver, or by any other remedy applicable to the case (Civ. Code, sec. 140). In executing the preceding sections, the court must resort (1) to the community property; then (2) to the separate property of the husband (Civ. Code, sec. 141). The appellant asserts that it appears in this case the property transferred by the husband was his separate property. It further appears negatively from the complaint there was no community property to which the court might resort for the maintenance of the wife. **[4]** In the absence of an allegation that there is community property, the presumption is there was none. No such allegation is made in the complaint in the present case. (*Kashaw* v. *Kashaw,* 3 Cal. 312.) **[5]** Provision is to be made for the wife and it must be from the separate property of the husband, either owned or to be acquired by him. No reason exists why either the wife or the chancellor should forego the certainty of recourse to property owned by the husband for the uncertainty of speculation regarding future earnings.

In *Kashaw* v. *Kashaw, supra,* the wife sued for divorce, joining certain other defendants to whom it was claimed by the wife the husband, with intent to defraud her of her community rights, had conveyed community property. It was contended there, as here, that the bill was multifarious. Basing its decision upon the then existing act in relation to husband and wife, which required a division of the com-

munity property, the supreme court said: "It seems, from this, to be beyond dispute, that a partition of the common property is one of the direct results of a decree for divorce, and is part and parcel of the decree to be rendered, and consequently is necessarily one of the proper subjects of the action. How, then, can its introduction render the bill subject to the charge of multifariousness? The bill would really not be perfect without it, for the purpose of obtaining the decree of division, as contemplated by the law. . . . And as the one-half of it is equitably the right of the plaintiff, and to be so determined in this case, she may well make a party of anyone claiming an interest in it, in order that she may obtain a complete determination." In the present case, as there is no community property, it is the duty of the court to make provision for the wife out of the separate property of the husband. The reasoning of the court in the Kashaw case is directly applicable. Where the reason is the same, the rule should be the same. (Civ. Code, sec. 3511.)

The rule of *Kashaw* v. *Kashaw* has never been questioned. It has been made the basis of numerous decisions in other jurisdictions. It is cited as a leading case in a note appended to a case decided in Alabama, where it was held that a bill for divorce was not rendered multifarious by a prayer for a conveyance by the husband to the wife of lands paid for by her with the title resting in him. (*Singer* v. *Singer*, [165 Ala. 144], 29 L. R. A. (N. S.) 819, [138 Am. St. Rep. 19, 21 Ann. Cas. 1102, 51 South. 755].) From the note it might seem that the Kashaw case was limited to the division of the community property. The appellant in this case relies on a California case cited in the note. (*Cummings* v. *Cummings*, 2 Cal. Unrep. 774, [14 Pac. 562].) It was published in the Pacific Reporter, and would seem to support the contentions of the appellant. It was not published in the official reports, no doubt because upon rehearing the supreme court expressly declined to determine the questions which in the unreported decision the Department undertook to decide in a manner at variance with the Kashaw case. In the unreported Department opinion, which was concurred in by Mr. Justice McFarland, the wife, suing for divorce and a division of the community property, joined certain other parties in the litigation, alleging that they fraudulently entered into a contrivance with the husband to defeat the plaintiff of her

40 Cal. App.—49

rights. The argument was made, which is made here, that under Code of Civil Procedure, section 427, there was a misjoinder of causes of action. In the Department opinion it was said: "We do not find the causes of action here united . . . to belong to any of the classes of actions allowed to be united by the above section." (*Cummings* v. *Cummings*, 2 Cal. Unrep. 774, [14 Pac. 562].) Without reference to the earlier Department opinion, in the same case, upon the same appeal, the supreme court in Bank expressly determined it was not necessary to decide whether the court below did or did not err in overruling the demurrer, upon which ruling the Department opinion was based, because on other grounds the judgment appealed from was reversed. The court in the final disposition of the case determined that the bank which was the mortgagee defendant in the divorce suit was a necessary party to the accounting. "Its mortgage is recognized as valid in the judgment, and no decree could properly be entered determining what sums had been paid to it by the defendant Ketchum, or giving priority to the alimony or suit money in the absence of the bank." (*Cummings* v. *Cummings*, 75 Cal. 434, [17 Pac. 442].) Mr. Justice McFarland concurred specially in the Bank decision, saying: "The only proper parties to a divorce action are, generally, the husband and wife." His statement is fundamental, but under the rule of the Kashaw case and in the Cummings case, where it is charged the husband has conveyed the community property, the grantee may be a proper party, as a third party may be a proper party under certain other circumstances. The appellant in the closing brief refers to the special concurring opinion of Mr. Justice McFarland in the Cummings case. In another part of his concurring opinion, the learned justice said: "If, when such a suit has been commenced, or is about to be commenced, one of the parties having such a suit in view colludes with a third party with intent to cover up community property, such third party may, perhaps, be made a defendant for the purpose of keeping the property *in statu quo* until after the determination of the action." (*Cummings* v. *Cummings*, 75 Cal. 442, [17 Pac. 446].)

Mr. Justice McFarland, after the decision of *Cummings* v. *Cummings*, said: "The very purpose of alimony in such a suit is to give support to the wife and to enable her to conduct her side of the litigation pending the trial of the issues made

by the pleadings." (*Storke* v. *Storke,* 99 Cal. 621, [34 Pac. 339].) **[6]** The husband cannot put his separate property out of his hands for the purpose of defeating his wife in an anticipated application for alimony. (*Murray* v. *Murray,* 115 Cal. 266, [56 Am. St. Rep. 97, 37 L. R. A. 626, 47 Pac. 37].) Counsel for the appellant state there is a broad distinction between suits for divorce and for support. Neither argument nor citation of authority is presented upon this claimed distinction. It does not exist. Under the broad equitable powers of the court, and in applying the provisions of the Civil Code sections to which reference has been made, the rule announced in *Kashaw* v. *Kashaw* must be held to extend to transfers of separate property where there is no community property.

In regard to the claim that the suit in so far as it affected the appellant's interest in real property was within the provisions of section 392 of the Code of Civil Procedure, in a similar case where the same question arose as to an alleged fraudulent conveyance of community property, the supreme court held that section does not apply, saying: "The object of the action, however, was not simply to procure the cancellation of the deed and reconveyance of the property. Another and probably much greater object was to secure a dissolution of the bonds of matrimony, and, so far as this last matter was the subject of the action, the proper county for the trial thereof was the county of the defendant's residence. It has been held here that if real and personal actions are joined in the same complaint, the case falls within section 395 of the Code of Civil Procedure, and must be tried in the county of defendant's residence." (*Warner* v. *Warner,* 100 Cal. 11, [34 Pac. 523].)

In that case the plaintiff wife was a resident of San Bernardino. The real property was also in that county. F. R. Warner was joined as the alleged fraudulent grantee of C. A. Warner, the husband. The defendants sought to have the suit removed to their place of residence. The case was decided upon the construction of section 128 of the Civil Code, requiring the residence of the plaintiff in the county in which the action is commenced, and sections 395 and 397 of the Code of Civil Procedure, requiring personal actions on motion to be transferred to the place of residence of the defendants. Both defendants joined in the motion. Here the

motion is made on behalf of one only of the defendants. The plaintiff in that case insisted upon the trial of the action in the county where the real property was and which was her place of residence. The court determined that it was a personal action falling within section 395 of the Code of Civil Procedure, and not a local one under section 392 of the Code of Civil Procedure, and said the alleged fraudulent grantee "might perhaps have insisted upon the action being retained in the county of San Bernardino for trial." The statement of what Warner might perhaps have insisted upon, if not at variance with the matter decided, did not establish a rule of law contrary to the conclusions reached on this appeal.

The order appealed from is affirmed.

Langdon, P. J., and Haven, J., concurred.