[Civ. No. 9809. First Appellate District, Division Two.—June 19, 1935.]

EUGENE W. CALLNON, Respondent, v. JOHN W. CALL-NON et al., Appellants.

Nebeker & Nebeker, Paul D. Morse and Frank O. Nebeker for Appellants.

Busick & Busick for Respondent.

NOURSE, P. J.—The plaintiff sued to quiet title to three parcels of real property located in Redwood City, San Mateo County. The defendant is the son of the plaintiff and, having been declared an incompetent person, was defended by his guardian. Plaintiff had judgment.

The action was defended in the trial court upon the ground that the title to the property was adjudicated in a divorce proceeding conducted in Sacramento County and that is the only point raised on this appeal. The property was purchased by the plaintiff when the son was but five years of age and, through evidence produced by the defendant herein, it was shown conclusively that all the improvements thereon were made and paid for by the plaintiff without any aid from the son. Since the original purchase of the land the plaintiff has maintained complete and exclusive possession without any claim of ownership or interest by the defendant until the Sacramento decree was pleaded in this proceeding.

On December 18, 1928, the defendant herein, John W. Callnon, filed suit for divorce against his then wife, Euretta Callnon. On January 2, 1930, the wife filed an amended cross-complaint, from which it appears that the parties were married June 15, 1910. In this cross-complaint several separate parcels of real and personal property were described as the community property of the marriage and the plaintiff on this appeal, E. W. Callnon, was joined as a cross-defendant therein upon the allegation that he claimed the ownership of "three certain parcels of real property consisting of town lots and buildings thereon situated in Redwood City, San Mateo County, California, . . . said property now standing in the name of the said cross-defendant, E. W. Callnon." Paragraph VIII of this cross-complaint reads: "That all of the hereinabove mentioned property was acquired by the community funds of the defendant and cross-complainant and plaintiff and cross-defendant, John W. Callnon, *save and*

*except the property* mentioned in sub-paragraphs VII–a, VII–c, and VII–d of Paragraph IV hereof . . . that as to the *property* mentioned in said sub-paragraph 7–d of said paragraph IV, the same consists of certain lots of land and buildings thereon, and that said lots stand in the name of said E. W. Callnon; that upon information and belief the buildings were constructed out of the community earnings of said Euretta Callnon and John W. Callnon with the understanding between said E. W. Callnon and John W. Callnon that the latter and Euretta Callnon should thereby be entitled to an equitable interest in said property to the extent of the value of said buildings.'' On the trial of the divorce action the court found that the community owned an undivided one-half interest in the Redwood City property and awarded to the defendant herein, John W. Callnon, such undivided one-half interest as his separate property.

Briefly, the contentions of the parties on this appeal are: the appellant relies on the Sacramento decree as a final adjudication that he is the owner of an undivided one-half interest in this particular property. The respondent contends that the title and ownership of the property was not in issue in the Sacramento trial and that the decree in that case is not *res judicata* as to the title to this particular property. The trial court adopted the view of the respondent herein and our examination of the record satisfies us that all the equities herein support the judgment. An examination of the record of the divorce proceeding shows that the father and son were not adverse parties therein and that the son made no claim of title or right of ownership in this particular property. The evidence here further shows that the father enjoyed the peaceful and undisputed possession of the premises for a period of thirty-five or forty years, during which time he invested his savings from a small salary in the improvement and care of the property.

Upon the question whether the decree of the Sacramento court is conclusive in this proceeding, the following general principles may be taken as settled rules of law in this jurisdiction. A judgment is *res judicata* only in so far as it is within the issues of the cause in which it is rendered. (*Baar* v. *Smith*, 201 Cal. 87, 97, 102 [255 Pac. 827]; *Tonningsen* v. *Odd Fellows' Cem. Assn.*, 60 Cal. App. 568, 572 [213 Pac.

710]; *Brown* v. *Brown,* 170 Cal. 1, 6 [147 Pac. 1168]; 15 R. C. L., p. 853.)

▮ In an action for divorce the parties may seek a determination of their property rights; but, if they elect not to do so, such rights are not deemed adjudicated and are subject to determination in another proceeding. (*Brown* v. *Brown, supra; De Godey* v. *Godey,* 39 Cal. 157. 163; *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312, 315 [260 Pac. 545]; *Tarien* v. *Katz,* 216 Cal. 554, 558 [15 Pac. (2d) 493, 85 A. L. R. 334]; *Taylor* v. *Taylor,* 192 Cal. 71, 75 [218 Pac. 756, 51 A. L. R. 1074].)

▮ Where the property rights are put in issue in a divorce proceeding, either by specific allegations describing such property, or by allegation that no community property existed, the decree is *res judicata* of such rights. (*Allen* v. *McCrary,* 220 Cal. 508, 510 [31 Pac. (2d) 388]; *Brown* v. *Brown, supra.*)

▮ In an action for divorce either party may join a third party who claims an interest in the community property and the decree declaring the property rights is equally binding on the parties to the divorce and on the party so joined. (*Kashaw* v. *Kashaw,* 3 Cal. 312, 322; *Weyer* v. *Weyer,* 40 Cal. App. 765 [182 Pac. 776].)

But a third party joined for that purpose is required to defend only such interest in the property as is put in issue by the pleadings and is not foreclosed from asserting any other interest in property which is not at issue. This follows from the rule of *Baar* v. *Smith, supra,* and similar cases confining the application of the doctrine of *res judicata* to the issues raised in the former action.

▮ Since the only issue raised in the Sacramento case in so far as the Redwood City property was concerned was the claim for reimbursement for alleged community funds advanced to the respondent herein, it remains to consider what jurisdiction that court had under that issue. ▮ Ordinarily a party is not entitled to reimbursement for improvements voluntarily made on the land of another in the absence of an express contract requiring the land owner to pay. And it has been held uniformly that improvements made upon land become a part of the realty and assume the same character of property—separate or community—as the land. Thus, it has been held that when the husband uses community funds

to improve the separate property of the wife the community interest in the funds is lost and the husband takes no interest in the land and has no claim for reimbursement. (*Dunn* v. *Mullan,* 211 Cal. 583, 589 [296 Pac. 604, 77 A. L. R. 1015]; *Shaw* v. *Bernal,* 163 Cal. 262, 267 [124 Pac. 1012]; *Provost* v. *Provost,* 102 Cal. App. 775, 779 [283 Pac. 842].) Similarly, when the husband uses community funds to improve his own separate property all becomes the separate property of the husband—subject, however, to the wife's claim for reimbursement for her share of the community funds used. (*Provost* v. *Provost, supra; Dunn* v. *Mullan, supra; Estate of Barreiro,* 86 Cal. App. 764, 766 [261 Pac. 509].)

From the foregoing, and from the authorities which we will hereafter cite, it may be taken as settled that the jurisdiction of the court in a divorce proceeding over property rights is limited to the property which belongs to the community or which is the separate property of the spouses. This jurisdiction is found in sections 141 et seq. of the Civil Code which authorize the *division* of the community property and a lien upon the separate property of the husband in aid of the enforcement of remedial orders made in the proceeding. An exception to the general rule is found when it is alleged that separate property has been conveyed to a third party to defraud the marital rights of one of the spouses, but such a case is not presented here. Hence, unless the pleadings in divorce allege that a third party claims an interest in the community property or holds separate property in fraud of one of the spouses, the court is without jurisdiction in the divorce proceeding to determine the property rights of the third party. (*Cummings* v. *Cummings,* 75 Cal. 434, 442 [17 Pac. 442]; *Kashaw* v. *Kashaw, supra; Weyer* v. *Weyer,* 40 Cal. App. 765, 768 [182 Pac. 776]; *California Filter Co.* v. *Superior Court,* 97 Cal. App. 99, 104 [274 Pac. 1012].) This is so because the action is not one for the recovery of either real or personal property, but one for divorce in which the court may "divide" the community property and, for that purpose, may first litigate the conflicting claims to the community property and order it returned to the community if found to have been fraudulently conveyed. But where, as here, the pleadings expressly allege that the third party "claims the ownership" of the property, fail to allege fraud or conspiracy, fail to allege

any claim of ownership on the part of the community, and allege only a claim for reimbursement for community funds alleged to have gone into improvements upon the realty, the title and ownership of the property is not put in issue.

Upon such pleadings in the divorce case the third party was called to defend the claim for reimbursement only, and that portion of the decree which assumed to determine the title and ownership of the realty and to divide it between the community and the third party was beyond the issues of that proceeding.

Appellant relies on the statement found in 15 California Jurisprudence, page 86, that the failure of a complaint to state a cause of action does not render the judgment thereon subject to collateral attack. But this is not such a case. Here the complaint affirmatively pleads that the cause of action upon which the judgment was given does not exist. It pleads a cause of action which would give the court jurisdiction to render some other judgment and at the same time would affirmatively withhold jurisdiction to render the judgment which is under attack.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1935.