BORDA, DEMANDANTE Y APELADO, *v.* BORDA, DEMANDADA
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Primero, en pleito sobre divorcio (moción para
desestimar la apelación).

No. 2625.—Resuelto en noviembre 19, 1923.

DIVORCIO—DESESTIMACIÓN DE APELACIÓN—ACCIÓN EXTINGUIDA POR MUERTE DE
UNA PARTE.—Cuando ni la demanda ni la contestación en una acción de
divorcio plantean cuestión alguna sobre existencia de bienes gananciales, la
muerte de una de las partes, ocurrida antes o después de dictada la sen-
tencia apelada, extingue la acción, por lo que bajo tales condiciones procede
la desestimación del recurso.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. O. B. Frazer.*
Abogado del apelado: *Sr. J. H. Brown.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión
del tribunal.

El demandante apelado solicita la desestimación de la
apelación en este caso, fundado en que la sentencia contra
la cual se ha interpuesto el presente recurso es de divorcio, y
que habiendo fallecido la parte apelante, la acción se ha ex-
tinguido y procede se desestime este recurso.

De una manera general, los principios envueltos en la
cuestión que se nos presenta a nuestra consideración, fueron
discutidos en el caso de divorcio promovido por *Celis Al-
quier v. Méndez Cardona,* 18 D. P. R. 89. En este caso la
demandante falleció antes de ser contestada la demanda y
su albacea compareció pidiendo que el pleito continuara en
su nombre para beneficio de los herederos de aquélla y con
el único propósito de determinar la participación que el de-
mandado pudiera tener en su herencia y si tenía derecho a
la cuota usufructuaria.

Y esta Corte Suprema, después de una amplia argumen-
tación y estudio del caso, dijo:

"Al alegar el demandado en su oposición a dicha petición que

teniendo el pleito por fin único la disolución del vínculo matrimonial y siendo la acción de carácter personal, con el fallecimiento de la demandante quedó disuelto el matrimonio; tal argumentación nos parece tan evidente que no requiere demostración . . . ."

"Los resultados absurdos que se seguirían serían el permitir que se continuara una acción de divorcio cuando ya se había conseguido su objeto. Mirando la cuestión bajo otro punto de vista, si hubiera que esperar el resultado del pleito, un albacea tendría que esperar para siempre, porque no hay preceptos en la ley que establezcan los medios de continuar un pleito de divorcio ni decretarse el mismo habiendo fallecido una de las partes, por virtud de lo cual ha quedado disuelto el vínculo matrimonial. La ley no puede permitir que se hagan cosas inútiles y vanas."

En el caso que nos ocupa, la muerte de la demandada ocurrió después de dictada sentencia y ya cuando estaba pendiente la apelación contra la misma. Parece que la jurisprudencia distingue, a los efectos de la extinción de una acción por el fallecimiento de una de las partes, entre aquellas acciones que están en tramitación o pendientes de fallo y las que han terminado por sentencia. En el primer caso, una acción que está pendiente termina por la muerte de una de las partes, pero no así ocurre si el fallecimiento tiene lugar después de dictada sentencia a menos que el asunto sea uno en el que la muerte elimine por completo la cuestión en litigio. En este último caso se entiende comprendida la acción de divorcio en tanto se refiera al vínculo mismo o a la condición legal de las partes, pero encontramos que también la jurisprudencia establece a su vez la excepción en las acciones de divorcio en el sentido de que la acción subsiste cuando los derechos de propiedad que de ella dependen están envueltos:

"Como hasta ahora se ha indicado, una acción que está pendiente termina por la muerte de una de las partes, de modo que si la causa de acción es una que no subsiste, el derecho a seguir adelante la acción desaparece enteramente; y ordinariamente

este es el resultado aun en el caso en que la acción había conti-
nuado hasta dictarse un veredicto en la fecha en que fallece la
parte si la muerte tuvo lugar antes de la sentencia, porque un
veredicto no resuelve finalmente el litigio sino que meramente
establece la existencia de los hechos necesarios para ordenar el re-
gistro de la sentencia. De igual modo cuando una sentencia in-
terlocutoria debe preceder a la sentencia final, como en casos de
divorcio, y no se ha hecho solicitud para el registro de la senten-
cia final dentro del término prescrito por el estatuto después de
registrada la sentencia interlocutoria y no se presenta ninguna ex-
cusa satisfactoria por la omisión, no podrá registrarse una sen-
tencia final después de la muerte del demandante para tener efecto
retroactivo. . . . .

''En la precedente discusión de la extinción de la causa de ac-
ción como resultado de la muerte de una de las partes se ha creído
que al ocurrir la muerte de una u otra no se había establecido nin-
guna acción o que el litigio estaba todavía en trámite. El efecto
del fallecimiento de una parte después de resueltas todas las cues-
tiones planteadas y dictada sentencia final queda por considerar.
Es tan claro como elemental que una sentencia definitiva es el fin
del litigio. Aquello que hasta el momento del registro de una sen-
tencia como remedio solicitado era un asunto en controversia viene
a ser una deuda absoluta de una parte hacia la otra. La causa de
acción ha dejado por tanto de existir, quedando confundida en la
sentencia, y por consiguiente, en tanto queda en vigor la sentencia
la doctrina de la extinción (*abatement*) no tiene más aplicación, a
menos que el caso sea uno en el que la muerte elimina por completo
la cuestión en controversia, así como una acción de divorcio que
terminará por la muerte de cualquiera de las partes en tanto se
refiere a la condición legal de las partes, excepto cuando los dere-
chos de propiedad que de ella dependen están envueltos, o un pro-
cedimiento sobre reconocimiento de prole, el cual terminará con la
muerte del demandado.'' 1 R. C. L. 38, 39.

''Y cuando el demandante fallece después de una sentencia de-
finitiva de divorcio dictada a favor del marido o de la mujer y
la disolución del matrimonio envuelve derechos de propiedad, ge-
neralmente se reconoce que la muerte del demandante no produce
tal extinción de la acción que impide a una corte de apelación el
poder revisar la sentencia o decreto mediante la apelación u auto

de error en favor del demandado; aunque así no sería, como parece, si la sentencia que decreta el divorcio no afectaba a ningún derecho de propiedad y la apelación por parte del demandado cesaría por la muerte ya del demandante o del demandado.'' 9 R. C. L. págs. 414-15.

Según se desprende de la doctrina que se acaba de exponer, la muerte de la demandada no produciría la extinción de la acción de divorcio, habiendo ya una sentencia, a menos que la disolución del matrimonio afectara derechos de propiedad. La continuación de la acción tendría el solo objeto de determinar toda controversia en relación a los bienes en disputa. Sin embargo, no tenemos ninguna base para hacerlo en este caso. No se hace alegación alguna en la demanda respecto a la existencia de bienes del matrimonio ni tampoco se hacen alegaciones en igual sentido en la contestación.

En California, donde existe un sistema parecido al nuestro de la sociedad de gananciales (*common property*) y se parte del principio ''que una partición de los bienes gananciales es una de las consecuencias directas de una sentencia de divorcio y parte de la sentencia dictada y por consiguiente una de las cuestiones necesariamente pertinentes de la acción, sin embargo, se ha sentado la doctrina que 'a falta de una alegación de que existen bienes comunes la presunción sería que no había ninguno.' '' *Kashaw* v. *Kashaw*, 3 Cal. 312.

La apelación debe desestimarse.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.