[Civ. No. 38553. Second Dist., Div. Five. July 2, 1971.]

BALDO M. KRISTOVICH, as Public Administrator, etc., Plaintiff, v. JOE CRAIL, JR., Defendant and Respondent; ROSS BLAKELY et al., Defendants, Counterclaimants and Appellants.

**COUNSEL**

Hill, Farrer & Burrill and William McD. Miller for Defendants, Counter-claimants and Appellants.

Hahn, Cazier, Thornton, Hoegh & Leff and Dennis B. Haase for Defendant and Respondent.

No appearance for Plaintiff.

**OPINION**

**THE COURT.**—Joe Crail died on December 4, 1969. Some time after his death certain stocks and bonds were found in a "secret compartment" in his home. A dispute concerning the ownership of these securities developed between the special administrator of decedent's estate and Joe Crail, Jr., decedent's son, the latter claiming that decedent had made a gift *causa mortis* of the papers shortly before his death. A further dispute developed between the administrator and Joe Crail, Jr., on one side and 16 persons known herein as counterclaimants on the other, with respect to whether or not the counterclaimants had an equitable right to purchase certain of the securities. The matter went to trial in the superior court, which quite logically divided the trial into two phases, the so-called "gift phase" and the so-called "agreement phase." Joe Crail, Jr., prevailed all around and the counterclaimants appealed "from the whole" of the judgment in his favor. The administrator has not appealed.[1]

---

[1]The special administrator happens to be the public administrator of Los Angeles County. He is represented by the county counsel of that county. After the adverse judgment the public administrator and the county counsel did not see eye to eye on whether to appeal. An appeal, purported or valid, was apparently filed by the county counsel, but the superior court ordered the notice of appeal struck as having been filed without authority. Nothing in this opinion is meant to indicate our views concerning the effectiveness of that purported appeal or the legal effect, if any, of that order. Our statement that the administrator has not appealed merely assumes, without deciding, the validity of the latter.

No record has, as yet, been filed in this court. Submitted to us, however, is a motion by the respondent, Joe Crail, Jr., "to dismiss that portion of the appeal filed by the counterclaimants which goes to the 'whole of the judgment.' " In a nutshell the burden of the motion is that even if appellants establish that the trial court erred in finding that they did not have an equitable right to purchase the securities, it cannot make any difference to them whether such right, as ultimately established, exists against the estate or against Joe Crail, Jr. In other words, respondent seeks to remove from appellate consideration any error which may have occurred during the gift phase of the trial.

### DISCUSSION

██ We think that the issue is prematurely raised. ██ It is, of course, well established that an appellant is not entitled to raise errors which do not injuriously affect him. (*Estate of Nepogodin,* 134 Cal.App.2d 161, 173 [285 P.2d 672]; *Broadway Fed. etc. Loan Assoc.* v. *Howard,* 133 Cal.App.2d 382, 400 [285 P.2d 61]; see Witkin, Cal. Procedure (1954) p. 2228.) ██ If the counterclaimants, in their brief, should raise issues in which they have no interest, respondent can make his present point in his brief. We do not believe, however, that it would be in the interest of the administration of appellate justice in California to inaugurate a kind of appellate pretrial in which the scope of review is determined before the record is even filed or the contentions on appeal are limited before they have been voiced.

We do not, in this opinion, declare that the kind of relief which respondent seeks is never available on motion. For example, situations may arise where the preparation of a record, doomed to be irrelevant to any arguable appellate issue, creates such a hardship upon some or all of the parties, that prophylactic intervention is necessary. No facts of such a nature are claimed to exist in the case at bar. Respondent merely desires an early determination that the merits of his legal ownership of the securities are not debatable on the pending appeal.

The motion is denied.

A petition for a rehearing was denied July 13, 1971.