Filed 3/9/22  Enriquez v. Sholokhova CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VICTOR ENRIQUEZ,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>YELENA SHOLOKHOVA,<br><br>     Defendant and Respondent. | A162372<br><br><br>(San Mateo County<br>Super. Ct. No. 19-FAM-01592B) |

**MEMORANDUM OPINION**[1]

Appellant Victor Enriquez and respondent Yelena Sholokhova have a child together.  In the parties' action to establish parentage of the child, the trial court ordered Enriquez to pay debts he owed Sholokhova and to refinance a car loan to remove Sholokhova from the loan.  The sole issue raised by Enriquez on appeal is whether the trial court had subject matter jurisdiction over the car and debts when it issued the order.

Enriquez argues the trial court lacked subject matter jurisdiction because the family court proceeding only involved

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

child custody and visitation and child support.  We conclude he has forfeited this argument.

The appellant bears the burden in demonstrating error.  (*In re Marriage of Davis* (1977) 68 Cal.App.3d 294, 301.)  To demonstrate error, the appellant must provide a cogent argument supported by legal authority and citations to the record.  (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.)  The reviewing court may disregard contentions unsupported by legal authority or citations to the record.  (*Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1191.)

We do so here because Enriquez has not addressed the merits of his appeal in a meaningful way.  He cites to Family Code sections 2010, 2011, and 3422 as support for his argument, but those sections say nothing about the court's jurisdiction over the parties' property and debts in cases other than marital dissolution and legal separation proceedings.  Enriquez fails to explain how those sections demonstrate the court lacked jurisdiction in this case.  It is not our role to construct arguments on appellants' behalf.  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)  Enriquez also has not supported his factual assertions regarding the subject matter of the family court proceeding with citation to the record.

We understand Enriquez filed his opening brief in propria persona.  But self-represented litigants are held to the same standards as parties represented by attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Because Enriquez has forfeited his subject matter jurisdiction argument (*Young v. Fish & Game Com.*, *supra,* 24 Cal.App.5th at p. 1191), we express no opinion on the merits of his position.

## DISPOSITION

The order is affirmed.

_____
BURNS, J.

We concur:


_____
JACKSON, P.J.


_____
SIMONS, J.


A162372